48 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Stephen and Helen BURNS, Plaintiffs,
v.
PRICE WATERHOUSE, Defendant.
 No. 94-3134.
 United States Court of Appeals, Sixth Circuit.
 March 10, 1995.
 
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; and HOOD, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs Stephen and Helen Burns ("the Burns") appeal the district court's dismissal of their claims under 15 U.S.C. Sec. 77q(a) of the Securities Act of 1933 for failure to state a claim; under 15 U.S.C. Sec. 78j(b) of the Securities and Exchange Act of 1934 ("Sec. 10(b)") and 17 C.F.R. Sec. 240.10b-5 ("Rule 10b-5") as time-barred; and under 18 U.S.C. Secs. 1962(c) and 1962(d) of the Racketeer Influenced and Corrupt Organization Act as time-barred. Upon review, we AFFIRM the district court's dismissal of all of plaintiffs' claims for the reasons stated in the district court's July 16, 1993 and December 30, 1993 decisions.
 
 
 2
 The Burns allege that in 1979, they invested in a tax shelter program offered by First Western Government Securities, Inc. on the advice of defendant Price Waterhouse ("PW"). The Burns received a Notice of Deficiency from the IRS with respect to their First Western deductions in January 1984. The notice indicated that their First Western deductions were being disallowed completely, and therefore the Burns "owed $475,658 in income tax for 1979 plus a 5% negligence penalty amounting to $23,783." The tax court agreed with the IRS and disallowed the deduction on October 21, 1987. The Burns did not file an action against PW until December 21, 1990.
 
 
 3
 In its July 16, 1993 Memorandum Opinion & Order, the district court granted PW's motion to dismiss, holding that no private cause of action existed under Sec. 17(a) (15 U.S.C. Sec. 77q(a)), and that Ohio's four-year statute of limitations for fraud barred plaintiffs' Sec. 10(b) claim. The district court also held that the Burns failed to allege fraudulent concealment. Additionally, the district court held that the Burns failed to plead their RICO claims with sufficient particularity under Fed.R.Civ.P. 9(b), but gave them an opportunity to amend their complaint. Subsequently, in its December 30, 1993 Memorandum Opinion & Order, the district court granted PW's motion to dismiss the Burns's RICO claims because their claims were time-barred under the four-year RICO limitations period. Accordingly, the district court dismissed the action and declined to exercise pendent jurisdiction on the state law claims. The Burns appeal the July 16, 1993 and December 30, 1993 decisions of the district court.
 
 
 4
 This court reviews a judgment dismissing a suit pursuant to Fed.R.Civ.P. 12(b)(6) de novo. Vemco, Inc. v. Camardella, 23 F.3d 129, 132 (6th Cir.), cert. denied, 115 S.Ct. 579 (1994). Here, we conclude that the district court properly dismissed the Burns's claims because it appears beyond doubt that they cannot prove any set of facts consistent with their allegations showing that they are entitled to the relief they seek. H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249 (1989); Vemco, 23 F.3d at 132. Accordingly, we AFFIRM the district court's dismissal of plaintiffs' claims, for the reasons stated in the district court's July 16, 1993 and December 30, 1993 Memorandum Opinions.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation